CHIEF JUSTICE SIMPSON
delivered the opinion of the court:
Robinson and Hoskins executed their joint note to McMayes for one hundred dollars, in part payment for a negro boy they purchased of him. After the purchase was made, Hoskins sold his interest in the slave to Robinson, and the latter, in consideration thereof, agreed to pay off their joint note to'McMayes. Some time thereafter, the note not having been paid, a suit was brought upon it, and a judgment recovered thereon, against both Robinson and Hoskins. The judgment was replevied by Robinson with Parsons as his surety, Hoskins having refused to join in the execution of the replevin bond. Before the bond fell due Robinson became insolvent, and Parsons, the surety, had to pay the debt.
Parsons then brought this action against Hoskins for the money he had been compelled to pay to discharge the replevin bond. In addition to the facts above mentioned, it was proved on the trial that Parsons inquired of the sheriff, before he signed the replevin bond, if Hoskins would also execute it, and the sheriff stated that he would; but it was also proved that the sheriff had not then seen Hoskins on the subject, who, when afterwards applied to by the sheriff, refused to join in the bond. It was also proved that when the replevin bond was executed, *253 Robinson had property out of which the execution in the hands of the sheriff could have been collected. On these facts the court below rendered a judgment against Hoskins, from which he has appealed to this court.
Although the judgment was against Robinson and Hoskins, yet in reality it was the debt of Robinson. By the execution of the replevin bond, the judgment was merged, and Hoskins was discharged from all liability upon it. Parsons was the surety of Robinson, and not of Robinson and Hoskins. If Robinson had paid the debt, he would not have had any recourse against Hoskins, because it was his own debt, the whole consideration for which it was created having passed to him. Neither can Parsons, who was his surety, hold Hoskins responsible for the debt. The payment by Parsons was for the benefit of Robinson, and not of Ploskins. The execution of the replevin bond discharged the latter from all liability on the judgment,, and the payment of the bond enured alone to the benefit of the parties to it.
If Parsons had been induced to go into the replevin bond, by the promise of Hoskins that he would also execute it, it would have placed the parties in a different attitude. But as Parsons relied upon the statement of the sheriff, and that statement was made without any communication with Hoskins, it cannot be allowed to operate to the prejudice of the latter. And as Robinson was able to pay the debt at the time it was replevied by him, or at least had property out of which the execution could have been then made, the act of replevying the debt would operate to the injury instead of the advantage of Hoskins, if he is still liable for it to the surety in the bond. We are therefore clearly of the opinion that Hoskins is not liable to Parsons for the amount of the replevin bond, upon the facts stated.
The case of Burns & McConnoughy vs. Parish, (3 B. Mon., 9,) is relied upon as an authority to sustain the judgment of the circuit court. The cases are wholly dissimilar. In the case referred to the debt paid by the su t y was in equity and good conscience the debt of Burns & McConnoughy, the firm having had the benefit of the entire consideration upon which the debt was created. In this case the debt paid by the surety was in *254 equity and good conscience the debt of Robinson, he having received and enjoyed the entire consideration upon which it was founded. There is no equity in favor of Parsons against Hoskins; for although the latter was liable for the debt, his liability was substantially that of a surety for Robinson. There is, however, a striking resemblance between this case and that of Kouns vs. Bank of Ky., reported in 2 B. Mon., 303. In that case the judgment was replevied by the principal debtor, and ' Combs, who was a defendant in the j udgment, but only a surety for the debt, was not a party to the replevin bond. And the court substantially decided that the sureties in the replevin bond had no right to ask contribution from Combs for any part of the debt. The principle upon which that case was decided, when applied to this, shows that Parsons has no right to a judgment against Hoskins, for any part of the money he paid as the surety of Robinson.
Wherefore, the judgment is reversed, and cause remanded for a new trial and further proceedings consistent with this opinion.