BOSTON AND LOWELL RAILROAD CORPORATION *vs.* NASHUA
AND LOWELL RAILROAD CORPORATION.

Suffolk. March 5. — June 22, 1885. W. ALLEN, COLBURN, & HOLMES, JJ.,
absent.

The directors of a corporation, which was a party to a submission to arbitration, voted, on July 5, to revoke said submission, unless the arbitrators would make a special report of their findings of fact and rulings of law in reference to a certain claim made by the corporation. Subsequently, the president of the corporation signed a paper with the name of the corporation, in terms absolutely revoking the submission. The record of a meeting of the directors stated that the president, having laid before the board a copy of an instrument of revocation of the submission, "said submission being executed by him in behalf of this company, in pursuance of the directors' vote of July 5th last, it was voted that the course so taken by him be ratified and approved, and that the

directors will treat the said submission as no longer in force." *Held*, that the revocation was unconditional.

An award stated that it was agreed by the parties that it was desirable that the arbitrators should first hear and determine certain specified claims of A., one of the parties, before entering upon a hearing of any other claims of either party; and that the arbitrators proceeded to hear and determine these claims, and on a certain day "made their final award and determination in respect to said claims, and announced the same to the said parties in the words following." Then followed the finding that these claims were not allowed. The award further stated, that the hearing of any other claims was, by agreement of parties, adjourned to a certain day; that on that day A. filed a paper assuming to revoke the submission, and withdrew; that the arbitrators went on and heard the claims put in by B., the other party, and "do now, in addition to their final award and determination," award and determine that A. is not entitled to recover any sum of B. by reason of any of the claims specifically made by A., or embraced by the agreement of reference against B., and that B. is entitled to recover certain sums against A. *Held*, in an action on the award by B. against A., that the finding first made by the arbitrators was not such a final award that A. could not revoke the submission to arbitration before the final award was made.

An agreement in a submission to arbitration, that the arbitrators may proceed *ex parte* if either party neglects to appear, does not make the submission irrevocable.

CONTRACT upon an award of arbitrators. The agreement of submission, dated September 30, 1882, and signed by the parties, recited that certain disputes and differences had arisen between them concerning their rights under or growing out of a certain joint traffic contract entered into in 1857, and which continued for twenty years from October 1, 1858; and that the Nashua and Lowell Railroad Corporation, on April 17, 1880, brought a bill in equity in the Circuit Court of the United States for the District of Massachusetts for the recovery of the sums claimed to be due to it. Then followed this recital: "And whereas, it has been agreed by and between the said parties to said suit to refer the said claims and all other claims now existing in favor of either party against the other to arbitration, upon the understanding that said arbitrators shall be governed in their determination and award by the rules of law applicable to the case, but without prejudice from any defence based on the statute of limitations, unless such defence would be good and valid in law if pleaded to the bill in equity aforesaid, commenced April 17th, 1880." The agreement then stated that the parties submitted all demands of either against the other which originated before October 1, 1880, to the determination of

Elias Merwin, William S. Gardner, and Waldo Colburn, "the award of whom, or of the greater part of whom, shall be final; and if either of the parties neglects to appear before the arbitrators, after due notice of the time and place appointed for hearing the parties, the arbitrators may proceed in its absence, and the arbitrators may make such award respecting costs and expenses as they shall judge reasonable, including a compensation for their own services; and the parties further agree that they will respectively obey, observe, perform, fulfil, and keep the award of the said arbitrators of and concerning the premises. It is understood and agreed that the same rule and limitation of time as to the statute of limitations shall govern the arbitrators aforesaid, if said statute is pleaded by either party."

Annexed to the agreement were certain exhibits, containing a statement of the claims of the respective parties. On August 7, 1883, the arbitrators signed their award. The instrument began by stating that the arbitrators met the parties on February 23, 1883, and proceeded as follows: "It was then agreed by the said parties, that it was desirable that the arbitrators should first hear, consider, and determine the claims of the Nashua and Lowell Railroad Corporation marked 'Numbers 3, 4, 5, and 6' in their statement of claims annexed to said agreement, entitled Exhibit 1, before entering upon a hearing of any other claims of either party under said submission, and, with the consent and at the request of both parties, the arbitrators thereupon and upon subsequent days, namely, on the twenty-fourth and twenty-sixth days of February, 1883, proceeded to hear the respective parties in reference to said third, fourth, fifth, and sixth claims of the Nashua and Lowell Railroad Corporation, at each of which hearings the respective counsel aforesaid were present, and having fully heard and considered the respective proofs and arguments of the said parties in reference thereto, the subscribers, on the twenty-third day of May, 1883, at Boston, made their final award and determination in respect to said claims, and announced the same to the said parties, who were present by their said counsel, in the words following, namely:

" ' Several of the claims made by the Nashua and Lowell Railroad Corporation against the Boston and Lowell Railroad

Corporation were by consent of both parties submitted to the referees for their award and determination, with the under-standing and reservation that the remaining claims made by the respective parties were to remain open, either for adjustment by the parties themselves, or for future hearing and determination by the referees. The items submitted to the referees, and upon which they have been requested to pass, are those numbered 3, 4, 5, and 6 in Exhibit 1, annexed to the agreement of reference. The referees have considered these items, and are of the opinion, and so award and determine, that the Nashua and Lowell Railroad Corporation is not entitled to recover anything from the Boston and Lowell Railroad Corporation in respect to either of said items.' "

The award then stated, that the hearing of any other claims under the submission " was then by agreement of all parties " adjourned to June 29, 1883; that, at a hearing on the day to which the matter had been adjourned, the counsel for the Nashua and Lowell Railroad Corporation presented a motion for a re-hearing as to the law involved in the fifth claim, and in so much of the sixth claim as accrued after June 25, 1877; that this motion was overruled; that the further hearing was adjourned until August 1, 1883; and that on July 30, 31, each of the arbitrators received from the Nashua and Lowell Railroad Corporation cer-tain papers, copies of which were annexed to the award.

The first paper purported to contain a vote of the directors of the defendant corporation, passed July 5, 1883, which, after re-citing the proceedings before the arbitrators, proceeded as follows : " Now, therefore, resolved, under the circumstances above set forth, that this corporation will revoke said submission, and refuse to proceed further under the same, unless the referees will either make a special report of their findings of fact and rulings of law in relation to the fifth claim, and that portion of the sixth arising after May, 1877, or else unless this corporation shall be permitted to amend the said submission by striking out or withdrawing therefrom the said fifth claim, and that portion of the sixth claim which has accrued or arisen since the vote of June 25th, 1877."

The second paper, dated July 30, 1883, was signed by the corporate name of the defendant, by its president. It contained,

after numerous recitals, the following: "Now, therefore, the Nashua and Lowell Railroad Corporation, in pursuance of said vote, does hereby revoke the said submission and all the authority therein and thereby conferred upon Elias Merwin, William S. Gardner, and Waldo Colburn, as arbitrators named therein, and does hereby terminate, so far as it lawfully may, any and all power heretofore given them to act under the said submission."

The award then stated, that on August 1, 1883, the arbitrators met the parties, according to adjournment; and that the counsel for the Nashua and Lowell Railroad Corporation handed to the arbitrators a paper of which the following is a copy :

"At a meeting of the directors of the Nashua and Lowell Railroad held at Boston, August 1, 1883, at nine o' clock in the forenoon, the president having laid before the board a copy of an instrument of revocation of the submission entered into on the 30th day of September last, between this company and the Boston and Lowell Railroad Corporation, said submission being executed by him in behalf of this company, in pursuance of the directors' vote of July 5th last, it was voted that the course so taken by him be ratified and approved, and that the directors will treat the said submission as no longer in force.

" A true extract from the record. Attest: W. W. Bailey, Clerk."

The award then stated that the arbitrators were of the opinion that they were bound to proceed with the hearing if either party so desired, and so informed the parties, and that they were ready to hear them; that the counsel for the Nashua and Lowell Railroad Corporation stated that that corporation did not intend to proceed further; and that he then withdrew.

The award then stated the further proceedings before the arbitrators, and concluded with a " summary," which began as follows :

" The subscribers, having fully heard the respective parties under said submission, so far as they desired to be heard, and having fully considered their respective proofs and arguments, do now, in addition to their final award and determination of May 23, 1883, as hereinbefore set forth, award and determine, and this is our final award and determination in the premises, namely:

" (1.) That the Nashua and Lowell Railroad Corporation is not entitled to recover any sum of the Boston and Lowell Railroad Corporation by reason of any of the claims specifically made by it or embraced by said agreement of reference against said Boston and Lowell Railroad Corporation."

Then followed an award in favor of the Boston and Lowell Railroad Corporation, on their claims, to the amount of $12,148.88.

Trial in the Superior Court, before *Mason*, J., who allowed a bill of exceptions, in substance as follows:

There was contradictory evidence whether the statement of the arbitrators contained in the clause beginning " Several of the claims," and ending with the words, " by the referees," was correct, the defendant insisting that such statement was not correct, and the plaintiff insisting that it was correct. The other facts stated ·in the award were not in dispute.

The defendant took the ground that the only assent given by it was to the determination by the arbitrators in the first instance of certain questions of law as preliminary, and that they might pass upon such legal questions, and announce the result, before proceeding to consider other claims embraced in the submission, and before passing upon such other claims, and that the defendant never assented to any partial and final award being made, so as to be binding on the defendant before the revocation was notified to the arbitrators. The plaintiff contended that the statement in the award was true.

Thereupon the defendant contended, and requested the judge to rule, as follows: " 1. The clause in the submission stating that it was entered into ' upon the understanding that said arbitrators shall be governed in their determination and award by the rules of·law applicable to the case,' operated as a limitation or restriction of the power of the arbitrators, so that their determination of matters of law was not final. 2. If the arbitrators treated the· submission as making them final judges of all questions of law raised before them, and undertook to pass finally upon all matters of law laid before them, and did so in such a way that the defendant was deprived of all means of revising their legal rulings, except by revoking the said submission, and the defendant did revoke the submission for that reason, then

such revocation was legally justifiable.. 3. Whether the defendant's revocation of the submission in this case was legally justifiable or not, it operated to deprive the arbitrators of all further power of action under the same."

The plaintiff asked the judge to rule, whatever he might find upon the question of fact in dispute, that the plaintiff was entitled to a finding in its favor for the amount of the award, and interest on the same; but the judge declined so to rule.

The judge refused to give the first two rulings requested by the defendant, but did give the third ruling requested, and thereupon found for the defendant. The plaintiff alleged exceptions.

*A. A. Strout,* for the plaintiff.

*F. A. Brooks,* for the defendant.

FIELD, J. The award on which this action was brought was in writing, and was signed and published by the arbitrators on August 7, 1883. Before the award was signed, the defendant delivered to the arbitrators a paper signed by the president of the defendant corporation in its name, dated July 30, 1883, and a copy of the vote of the directors of the corporation passed on August 1, 1883. These papers we construe to be an unconditional revocation by the defendant of the authority of the arbitrators to proceed under the submission. It is not contended that this revocation was waived or withdrawn by the defendant.

A submission to arbitration is a power which may be revoked at any time before it is executed by the publication of the award, and an agreement that the arbitrators may proceed *ex parte,* if either party neglects to appear, does not make the submission irrevocable. *Wallis* v. *Carpenter,* 13 Allen, 19, 24. *Marsh* v. *Bulteel,* 5 B. & Ald. 507. *Mills* v. *Bayley,* 2 H. & C. 36.

The contention is, that the submission was partially executed by the award that the defendant was not entitled to recover anything from the plaintiff in respect to the items numbered 3, 4, 5, and 6 in the statement of claims made by the defendant. It does not appear that this was a separate award, actually reduced to writing and signed by the arbitrators. The unavoidable inference is, that this conclusion was announced to the parties as the determination of the arbitrators upon these items; and that

the meeting of the arbitrators was adjourned for the purpose of subsequently hearing and determining the other claims of the parties, unless meanwhile the parties settled them.

An award must cover all the claims submitted and presented to the arbitrators, and must be mutual, certain, and final. If we assume that the oral announcement of the arbitrators of their determination upon these items was intended to be their final award on these items, the award would be bad, unless the parties had agreed that these items should be the subject of a separate award, because this award did not decide all the substantial matters submitted and presented. *Randall* v. *Randall*, 7 East, 81. *Robson* v. *Railston*, 1 B. & Ad. 723. *Stone* v. *Phillipps*, 4 Bing. (N. C.) 37. *Bhear* v. *Harradine*, 7 Exch. 269.

It has not been found as a fact, that the parties agreed that these items should be the subject of a separate award. If this fact were found, it would perhaps show that the parties, by their subsequent agreement, entered into two separate submissions instead of one; but then the making and publishing of an award under one submission would not be a part execution of the power conferred by the other. But if it be assumed that the statement in the award is true, we are of opinion that the award itself does not show that the announcement of the determination of the arbitrators upon the items mentioned was intended by them as the making and publication of an award. The award, as it was finally made and published, is one and entire. The power of the arbitrators over all the matters submitted, if there had been no revocation, would have continued until the award was finally made and published. Before this was done, it was competent for them to change their minds upon these items, to rehear the parties, and to revise their decision. The announcement was interlocutory, and not final. It is therefore unnecessary to consider whether any partial award, made and published under a submission such as this is, would preclude a party from revoking the authority of the arbitrators to proceed, under the submission, to consider and determine the remainder of the matters submitted.                    *Exceptions overruled.*