FERDINANDO CALDERONE *vs.* DANIEL A. KIERNAN.

PROVIDENCE—FEBRUARY 7, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Actions. False Arrest. Malicious Prosecution. Legal Process.*

Trespass for false imprisonment will not lie against an officer for doing what a writ, which upon its face is regular and proper and is issued from a court of competent jurisdiction, commands him to do, however malicious his conduct ; but case for the malicious motive and want of probable cause is the only sustainable form of action.

Following *Lisabelle* v. *Hubert*, 23 R. I. 456.

Hence such action will not lie against an officer for improperly refusing to take bail.

(2) *False Arrest. Bail.*

*Semble,* an officer is not required, under Gen. Laws cap. 253, § 4, to travel about with a defendant, whom he has arrested, in order to enable him to obtain bail.

TRESPASS for false imprisonment. Heard on petition of defendant for new trial, and judgment for defendant.

TILLINGHAST, J. This is trespass for false imprisonment. The defendant pleaded the general issue, and also pleaded specially that at the time of the alleged trespass he was a constable duly qualified to serve civil process ; that on the 27th day of November, 1899, a writ issued out of the District Court of the Sixth Judicial District, directed in the usual manner, which writ commanded the arrest of the plaintiff in an action of trover and conversion ; that said writ was placed in the defendant's hands for service ; that he served the same by arresting the plaintiff, and, for want of bail, committed him to the Providence county jail. And that said arrest and imprisonment is the false imprisonment charged against the defendant in this case. Wherefore he prays judgment, etc.

To this special plea the plaintiff replies (*Precludi non*), because he says that the defendant would not let the plaintiff to bail in said action against him, as by statute he was bound to do, and that this is the trespass and false imprisonment complained of in the plaintiff's declaration.

At the trial of the case in the Common Pleas Division, the plaintiff recovered a verdict for the sum of $300; and the case is now before us on the defendant's petition for a new trial on the ground that the verdict was against the law and the evidence.

The evidence does not show that the defendant refused to let the plaintiff to bail in said action. It simply shows, at the most, that the defendant refused to go with the plaintiff, at his request, to see his brother, Nicholas Calderone, for the purpose of getting him to go bail for him. It does appear, however, from the testimony, that the defendant took the plaintiff to Gelb's restaurant, where a brother of the plaintiff worked; that he was permitted to communicate with him about obtaining bail, and that he sent word by him to his brother Nicholas that he was under arrest. And while we do not think that the request to be taken to his brother Nicholas under the circumstances was an unreasonable one, and do not approve of the action of the defendant in refusing it, if he did refuse it, which he denies, yet such refusal, conceding that it was made, did not have the effect to render the defendant liable to an action of trespass for false imprisonment.

The case is clearly within the decision of this court in *Page v. Staples*, 13 R. I. 306, where it was held that the statute (Gen. Stat. R. I. cap. 196, § 6, which was the same as that now in force, Gen. Laws R. I. cap. 253, § 4) does not require an officer to travel about with a defendant, whom he has arrested, in order to enable him to obtain bail, but merely requires him to let the person arrested to bail upon his giving sufficient surety for his appearance at the court to which the writ is returnable, and to abide the final judgment in the suit.

While such is doubtless the law, however, we do not wish to be understood as approving of or countenancing any harshness or arbitrary conduct on the part of an officer in not permitting a person under arrest to give bail. There is evidently no occasion, in most cases, to take the person arrested directly to jail, and thereby subject him to unnecessary mor-

tification and disgrace. A little delay and accommodation on the part of the officer will ordinarily enable a defendant to give bail; and common humanity requires that such favors should be granted. In short, a reasonable opportunity to furnish bail ought always to be given before committing a defendant to jail.

(1)     Another and sufficient reason why the plaintiff is not entitled to recover, in this action at any rate, is that the form of action is misconceived.

Trespass for false imprisonment will not lie against an officer for doing what a writ, which upon its face is regular and proper and is issued from a court of competent jurisdiction, commands him to do.

It is laid down by Mr. Chitty (1 Chit. Pl. 214, 6th Am. ed.) that "no person who acts upon a regular writ or warrant can be liable for the action of trespass, however malicious his conduct; but case for the malicious motive and want of probable cause for the proceeding is the only sustainable form of action," and for this doctrine he cites several adjudged cases. See *Lovier* v. *Gilpin*, 6 Dana, 322.

The same author says (Vol. 1, 185): "When the act complained of consists of mere nonfeasance, as if the sheriff or a magistrate improperly refused bail, or to act when they should do so, an action upon the case and not an action of trespass is the form to be adopted."

In *Warfield* v. *Walter*, 11 Gill. & J. 86, it was held that trespass on the case and not trespass *vi et armis* is the proper remedy when an injury to a person or his property is occasioned by the regular process of a court of competent jurisdiction maliciously sued out. In support of the opinion in that case, Stephen, J., quotes the language of Lord Kenyon in 3 Term. Rep. 185, as follows: "If a party be arrested without any cause of action he has his remedy by an action on the case for maliciously holding him to bail. But it is incomprehensible to say that a person shall be considered as a trespasser who acts under the process of the court."

The same doctrine may be found in 2 Saun. P. & E. 515, where the author says: "Trespass is the only remedy for an

illegal imprisonment when not done under color of legal pro-
cess. If the imprisonment took place under color of a legal
proceeding, the plaintiff's only remedy is by an action on
the case for the malice, if indeed there was malice."

The same general doctrine is laid down in *Watson* v.
*Watson*, 9 Conn. 140 ; *Sheppard* v. *Furniss*, 19 Ala. 760 ;
*Hayden* v. *Shed*, 11 Mass. 500 ; *Fisher* v. *McGirr*, 1 Gray,
pp. 44–6 ; *Wilmarth* v. *Burt*, 7 Met. 257 ; *Twitchell* v. *Shaw*,
10 Cush. 46 ; *Marks* v. *Townsend*, 97 N. Y. 590 ; *Cassier* v.
*Fales*, 139 Mass. 463 ; *Hobbs* v. *Ray*, 18 R. I. 84 ; *Lauzon* v.
*Charroux*, *Ib.* 467 ; *Lisabelle* v. *Hubert*, 23 R. I. 456 ; *Rath-
bun* v. *N. Y. &c. R. R. Co.*, 19 R. I. 463.

As we are of the opinion, therefore, that this action cannot
be maintained, the verdict is set aside and the case is re-
manded with direction to enter judgment for the defendant
for his costs.

*Edward D. Bassett*, for plaintiff.
*A. B. Patton and T. F. West*, for defendant.