GAWNE v. BICKNELL.

(Circuit Court, D. Maine. July 9, 1908.)

No. 70.

1. CONTRACTS—ACTIONS—PARTIES—DEFENDANTS—JOINDER—PERSONS WHO MUST BE JOINED.

In all actions on contract, every person must be made a defendant who is subject to legal liability.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 1604-1614.]

2. TORTS—JOINT AND SEVERAL LIABILITY.

In actions of tort, the injured party may proceed against all the wrong-doers jointly, or he may sue one or more separately.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Torts, § 29.]

3. ELECTION OF REMEDIES—ACTS CONSTITUTING.

Where plaintiff in an action of tort sues all the defendants jointly and has judgment, he cannot afterward sue any one of them separately, and, if he sues any one of them separately and has judgment, he cannot afterward sue them jointly; the prior judgment against one being in contemplation of law an election to pursue the several remedy.

4. MASTER AND SERVANT—DUTY OF MASTER.

The master's duty to provide a reasonably safe place and appliances and competent fellow servants, as well as all the other duties resting on the master, arise by operation of law because of the relation of master and servant, and not by virtue of the contract of employment.

5. SAME—INJURY TO SERVANT—ACTION—PARTIES DEFENDANT.

In an action against a master for injuries to a servant, it being unnecessary to state or prove the employment contract only to show incidentally the existence of the relation of master and servant, plaintiff was not bound to join all the members of the firm by whom he was employed, but was entitled to sue any one of the members thereof separately.

William H. Gulliver, for plaintiff.
Albert S. Woodman and Arthur S. Littlefield, for defendant.

HALE, District Judge. This is an action of tort in which the plaintiff seeks to recover for personal injuries. The case now comes before the court upon a plea in abatement, wherein the defendant sets up:

"That the liability in said writ declared on, if any such liability there is, is the liability of him, the said Bicknell, jointly with one Edwin L. Morris, who is still living, and who, at the time of the commencement of said suit, was and still is a resident within the jurisdiction of this court, and who then did and now does reside at Rockland, Knox county, state of Maine and district of Maine, and not the liability of the defendant alone."

To this plea in abatement the plaintiff demurs. The plaintiff's declaration alleges that he was an employé of the defendant. The defendant urges that the relation of master and servant existed between the plaintiff and his employer by virtue of a contract of employment; that the employment was not by the defendant alone, but by the defendant together with his partner; that, under the contract of employment, the plaintiff was not the servant of Bicknell, the defendant sued, but of Bicknell and Morris, copartners; that while, as a general rule, such plea is not maintainable in an action of tort, this rule does not apply to all actions which are tort in form, but that:

"If a tort action grows out of the violation of a contract, and it is necessary to establish the contractual relation in order to recover, then a plea in abatement of nonjoinder will apply, as well as though the action were in form contract."

The case, therefore, presents an interesting question in the law of pleading. It is elementary law that in all actions of contract every person must be made a defendant who is "subject to the legal liability," but that in actions of tort the injured party may proceed against all the wrongdoers jointly, or he may sue one of them separately. It is claimed by the defendant that this case comes upon the border line between the above two propositions, that the rules of joinder relating to actions in tort apply strictly only to such actions, and that, where an action on the case is brought for the nonfeasance of a contract, and where the contract is the basis of the suit, then, if a joint contractor be not included, the defendant may plead such nonjoinder in abatement. The learned counsel for the defendant cites 1 Chitty on Pleading (16 Am. Ed.) p. 129, in which the rule is laid down that in such cases it is not competent to the plaintiff "to alter or obviate the rules of the law with regard to the parties to be sued upon the contract, merely by varying the form of action where in substance it is founded on the agreement."

In Wright v. Geer, 6 Vt. 151, 27 Am. Dec. 538, upon which great stress is laid by the defendant, the contract was distinctly the basis of the suit. It was necessary to allege such contract in order to prevail. The duty resting upon the defendant in that case was a duty not created by law. It arose out of the contract for building. Thus the contract became an essential part of the declaration. In that case the court distinguished between a duty arising out of the contract,

and a duty created by the law, as will appear by the following language of the opinion:

"There are cases where the duty arises from the nature of the employment, and no contract is necessary to be stated or proved; thus in the case of a common carrier the law imposes the liability, and it is only necessary to state the employment of a carrier as such. No express contract is necessary. The rule may be illustrated by the following case: Suppose a carrier receives compensation for carrying goods and agrees to call at a given place and receive them, and neglects to do so. Here is no liability imposed by law, and he can be made liable only upon the express contract. But, if he received the goods and failed to deliver them, the ground of liability is different, and no express contract need be stated. The same rule would doubtless hold in a case of a surgeon."

In the case at bar the contract between the master and servant is not at law the basis of the suit. The duty of the defendant to provide a reasonably safe place and appliances, and competent fellow servants, as well as all the other duties resting upon the defendant, are duties arising by operation of law, and because of the relation of master and servant. They do not arise out of any contract of employment. It is not necessary to state or prove a contract. It is necessary only to state that the relation of master and servant exists. The law imposes the liability. There is nothing in the case to take it out of the doctrine of the courts of this state and of the federal courts that the injured party may proceed against all the wrongdoers jointly, or he may sue them all or any one of them separately; but, if he sues them all jointly and has judgment, he cannot afterwards sue any one of them separately. And, further, it must be said that, if he sues any one of them separately and has judgment, he cannot afterwards seek his remedy in a joint action; because the prior judgment against one is, in contemplation of law, an election on his part to pursue his several remedy. The rule of the federal courts is stated in Sessions v. Johnson, 95 U. S. 347, 348, 24 L. Ed. 596.

The rule is elaborated in Atlantic & Pacific R. R. v. Laird, 164 U. S. 399, 17 Sup. Ct. 122, 41 L. Ed. 485, where it was urged that the suit of an injured passenger against a railroad company partook of the nature of an action upon contract because the passenger must rely upon his contract of carriage as the basis of his suit. In speaking for the Supreme Court, Mr. Justice White said:

"The doctrine is very clearly expressed in Kelly v. Metropolitan Railway Company, 1 Q. B. 944, where the Court of Appeals held that an action brought by a railway passenger against a company for personal injuries caused by the negligence of the servants of the company while he was traveling on their line was an action founded upon tort. In reading the judgment of the court, A. L. Smith, L. J., said: 'The distinction is this: If the cause of complaint be for an act of omission or nonfeasance, which, without proof of a contract to do what has been left undone, would not give rise to any cause of action (because no duty apart from contract to do what is complained of exists), then the action is founded upon contract, and not upon tort. If, on the other hand, the relation of the plaintiff and the defendants be such that a duty arises from that relationship irrespective of contract to take due care, and the defendants are negligent, then the action is one of tort.' * * * There was a duty shown independently of contract. * * * The action therefore was ex delicto, and the defendants, being joint tort-feasors, might have been sued either separately or jointly at the election of the injured party."

The same rule is enforced in Gudger v. Western, etc., Co. (C. C.) 21 Fed. 81, 84; and in the late cases: Knuth v. Butte, etc., Co. (C. C.) 148 Fed. 74; Shane v. Butte, etc., Co. (C. C.) 150 Fed. 801, 809.

In the case before me, the plaintiff will, of course, be obliged to prove that the relation of master and servant existed. But the contract between the master and the servant is not a vital allegation with reference to the alleged wrong. It does not form the basis of the suit. It is not a part of the gravamen of the charge. It is merely a matter of inducement in the line of proof, and does not change the law that the injured party may proceed against one or all of the wrongdoers.

The demurrer to the plea in abatement is sustained.