### CONNELLY v. ALLEN.

(Circuit Court of Appeals, Third Circuit. January 13, 1921.)

No. 2556.

1. **Master and servant** ⬅88(5)—**Volunteer assisting employé not fellow servant.**

Where plaintiff railroad employé had voluntarily assisted defendant contractor's employé in unloading coal cars, and was seeking a place of safety when injured, he was not then a fellow servant of defendant's employé, since the voluntary service had terminated.

2. **Master and servant** ⬅304—**Moving crane held negligence as to volunteer assisting employé.**

Where plaintiff railroad employé voluntarily assisted defendant contractor's employé in unloading a coal car, it was negligence for defendant's employé to move the crane, after promising not to do so, and while knowing that plaintiff was still in danger.

In Error to the District Court of the United States for the District of New Jersey; J. Warren Davis, Judge.

Action by Andrew Allen against Patrick Connelly. Judgment for plaintiff, and defendant brings error. Affirmed.

Marshall Van Winkle, of Jersey City, N. J., for plaintiff in error.

Benjamin J. Spitz, of Paterson, N. J., and Joseph A. Shay, of New York City, for defendant in error.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and BODINE, District Judge.

BODINE, District Judge. Andrew Allen, the plaintiff below, a young man of 23 years of age, was employed on the evening of September 27, 1917, and for some time prior thereto, by the Erie Railroad Company as a checker in the Croxton yards in Jersey City. Patrick Connelly, the defendant below, had a contract with the Erie Railroad Company for unloading coal cars; the unloading being accomplished by means of a locomotive crane. Allen's duty was to check up the number of cars unloaded by Connelly—their capacity and weight. The work did not consume his entire time, but necessitated his presence in the yard during the period that he was on duty. At about 8 o'clock on the evening in question, Connelly's locomotive crane was in the lower part of the yard for the purpose of taking on water. The water was taken by means of a hose from a water tower. The testimony of Allen was to the effect that Connelly's fireman asked him to hand up the hose, so that the tank on the crane might be filled. To reach the hose, Allen was obliged to climb over coal, which was piled up about 3 feet high along the track. In order to facilitate the filling of the tank, the locomotive crane had been swung around, so that the boom, as well as the cab from which the crane was operated, was horizontally across the track. The tank being filled, the hose was handed to Allen by the fireman, and he shut off the water "and hollered at the engineer to wait a moment until [he] got out of the way," and he answered he would. Just as Allen cleared the machine, the engineer started up the engine to turn the crane back in place, and Allen was struck and seriously injured. Allen's story was controverted by witnesses called by the defendant.

[1 2] The learned trial judge charged the jury, in part, in the following language:

"If you find, therefore, that his [Allen's] account of how the accident occurred is the correct one and not the account as alleged by the defendant, then the defendant was under the duty to use that degree of care which a reasonably prudent person would have exercised under the circumstances, at that time and place, in order not to injure the plaintiff. * * * Now, if you turn to the other side and believe the statement of the plaintiff, that he told the engineer to wait until he got out of the way, and he was not upon the crane, then it was the duty of the defendant, through his agents and servants, to use the care and caution that a reasonably prudent man would have exercised in order not to injure the plaintiff; and if the servants and agents and employés did not use that care, and the plaintiff was injured in consequence, then the defendant is liable."

This charge, in the light of the testimony, was in all respects proper. Allen was in no sense the fellow servant of the defendant's employé at the time he was injured, if the jury believed his story. The

only thing that remained to be done was for Allen to gain a point of safety. The voluntary service he had rendered had terminated. The jury must have believed his story in this respect, and also when he said that the defendant's employé knew the danger Allen was in. It was, therefore, clearly negligent for the defendant's employé to put in motion a force which he promised not to do, which force, the jury found, caused the injury to Allen. These circumstances take the case out of the line of cases typified by Kierman v. New Jersey Ice Co., 74 N. Y. Law, 175, 63 Atl. 999, where a person is injured by the act of a servant while riding on a wagon or a street car, or other unauthorized place. There was clearly a duty upon the defendant's employé to use reasonable care under the circumstances, and the jury found that he did not.

The other assignments of error are without merit, in that they overlook the fact that Allen's service had terminated, and that he was seeking a place of safety, had apprised the defendant's employé of his position of danger, and secured the promise to delay until he gained a point of safety.

The judgment below is affirmed.