ABRAHAM LAKUBE *vs.* HARRY COHEN.

Suffolk. March 6, 1939. — October 25, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Arbitrament and Award. Contract*, Of employment. *Negligence*, Employer's liability: arbitration.

A claim of an employee for personal injuries sustained by reason of negligence of his employer respecting a defective and unsafe character of a machine upon which he was working in the course of his employment was not a "controversy . . . arising under the contract" of employment within § 14 of G. L. (Ter. Ed.) c. 251; and therefore it was proper to deny an application under § 21 to stay proceedings to enforce such claim, although a provision of the contract purported to require arbitration as a condition precedent to the bringing of proceedings as to "all controversies, demands or claims which might be the subject of a personal action at law, or of a suit in equity, which may arise out of" the employee's "employment, dealings, service or services" with the employer.

TORT. Writ in the Superior Court dated September 17, 1935.

The amended declaration was based upon personal injuries sustained by the plaintiff while working upon "a so called power shears used in cutting metal pipe," alleged to have become defective and unsafe through negligence of the defendant employer.

A denial by *M. Morton,* J., of a motion to stay proceedings under G. L. (Ter. Ed.) c. 251, § 21, was reported by him.

The case was submitted on briefs.

*N. Fink,* for the plaintiff.

*Lee M. Friedman & F. L. Kozol,* for the defendant.

LUMMUS, J. The plaintiff, on September 17, 1935, brought this action of tort to recover for bodily injuries sustained on July 16, 1935, because of the alleged negligence of the defendant, his employer, who was not insured under the workmen's compensation act. It was agreed that by a written contract under seal entered into on March 10, 1930, when the employment began, the parties agreed to submit to arbitration "all controversies, demands or claims which might be the subject of a personal action at law, or of a suit in equity, which may arise out of my [Lakube's] employment, dealings, service or services, with the said Harry Cohen." The contract provided machinery for the selection of arbitrators, and continued: "It being the intent and purpose of the parties hereto to make as a condition precedent, the submission to arbitration of any controversy, claim or demand before resorting to an action of law, or of a suit in equity."

The defendant, in conformity to the contract, requested arbitration and named an arbitrator, and then applied for a stay of proceedings pending the arbitration. This action was not taken until September 15, 1938, although on May 7, 1936, the defendant had filed an answer setting up among other things that submission to arbitration was a condition precedent to an action. The judge refused to stay the proceedings, and reported the case. It is to be noticed that submission to arbitration was declared to be a condition

precedent to a resort to the courts for a remedy, not to the existence of a substantive cause of action. *Scott* v. *Avery,* 5 H. L. Cas. 811. *Norcross Brothers Co.* v. *Vose,* 199 Mass. 81. *Brocklehurst & Potter Co.* v. *Marsch,* 225 Mass. 3, 7, 8. *Marsch* v. *Southern New England Railroad,* 230 Mass. 483, 493. *Rosenblum* v. *Springfield Produce Brokerage Co.* 243 Mass. 111, 120. *Nute* v. *Hamilton Mutual Ins. Co.* 6 Gray, 174. Williston, Contracts (Rev. Ed.) § 1921 *et seq.*

At common law the agreement did not prevent resort to the courts. In *Wood* v. *Humphrey,* 114 Mass. 185, 186, it is said: "It has been long settled that agreements to arbitrate which entirely oust the courts of jurisdiction will not be supported either at law or in equity; although it is said that those which do not go to the root of the action, but are only preliminary thereto or in aid thereof — such as respect the mode of settling the amount of damage, or the time of paying it, or the like — will be sustained." *Miles* v. *Schmidt,* 168 Mass. 339. *Reed* v. *Washington Fire & Marine Ins. Co.* 138 Mass. 572. *Hutchinson* v. *Liverpool & London & Globe Ins. Co.* 153 Mass. 143, 146, 147. *Badenfeld* v. *Massachusetts Mutual Accident Association,* 154 Mass. 77, 82, 83. *Mittenthal* v. *Mascagni,* 183 Mass. 19, 23. *Lewis* v. *Brotherhood Accident Co.* 194 Mass. 1. *Rosenblum* v. *Springfield Produce Brokerage Co.* 243 Mass. 111, 120. This is still the law, except as it has been changed by statute.

The only statute relied on by the defendant is St. 1925, c. 294, § 5, now G. L. (Ter. Ed.) c. 251, §§ 1, 14, 21. That statute legalized a written agreement between the parties to a contract to submit to arbitration "any controversy thereafter arising under the contract," and provided that the court shall stay any legal proceeding brought upon any issue "referable to arbitration under such an agreement" until arbitration has been had. The controversy so submitted to arbitration must be one "which might be the subject of a personal action at law or of a suit in equity." *Boston Molasses Co.* v. *Molasses Distributors Corp.* 274 Mass. 589. *Franks* v. *Franks,* 294 Mass. 262.

To entitle the defendant to a stay of the action at law, the "controversy" must be one "arising under the con-

tract" to which the written agreement for arbitration related. If we assume that the written agreement for arbitration related to a contract for employment, whether contained in the written agreement or not, we must consider whether a claim against a master for negligently causing physical injury to a servant is one "arising under the contract" of employment.

In *Boorman* v. *Brown*, 3 Ad. & El. (N. S.) 511, 525, 526, Tindal, C.J., said: "That there is a large class of cases in which the foundation of the action springs out of privity of contract between the parties, but in which, nevertheless, the remedy for the breach, or non-performance, is indifferently either assumpsit or case upon tort, is not disputed. Such are actions against attorneys, surgeons, and other professional men, for want of competent skill or proper care in the service they undertake to render: actions against common carriers, against ship owners on bills of lading, against bailees of different descriptions: and numerous other instances occur in which the action is brought in tort or contract at the election of the plaintiff. . . . The principle in all these cases would seem to be that the contract creates a duty, and the neglect to perform that duty, or the nonfeasance, is a ground of action upon a tort."*

Although the relation of employer and employee is one created by contract (*McDermott's Case*, 283 Mass. 74, 75, 76), the duty of the employer to use reasonable care for the personal safety of the employee is one imposed by the law because of the relationship, and not one dependent upon

---

* Without any attempt at completeness of citation, reference may be made to the following illustrative cases: *McQuaid* v. *Michou*, 85 N. H. 299; *Hickey* v. *Slattery*, 103 Conn. 716; compare *Gabrunas* v. *Miniter*, 289 Mass. 20 (physicians and surgeons); *Finn* v. *Western Railroad*, 112 Mass. 524; *Nims* v. *Mount Hermon Boys' School*, 160 Mass. 177; *Weston* v. *Boston & Maine Railroad*, 190 Mass. 298; *Henry J. Perkins Co.* v. *American Express Co.* 199 Mass. 561; *Jackson* v. *Old Colony Street Railway*, 206 Mass. 477, 485; *Ideal Leather Goods Co.* v. *Eastern Steamship Corp.* 220 Mass. 133, 136; *Tefft* v. *Boston Elevated Railway*, 285 Mass. 121, 124; *Atlantic & Pacific Railroad* v. *Laird*, 164 U. S. 393 (carriers of freight and passengers); *Ashley* v. *Root*, 4 Allen, 504 (agent); *Cunningham* v. *Commissioner of Banks*, 249 Mass. 401, 429 (corporate director); *Stock* v. *Boston*, 149 Mass. 410, 414; *Mitsakos* v. *Morrill*, 237 Mass. 29 (lessor, for eviction); *Wiley* v. *Bunker Hill National Bank*, 183 Mass. 495, 496 (bank, for failing to honor check); *Squire* v. *Western Union Telegraph Co.* 98 Mass. 232; *Grinnell* v. *Western Union Telegraph Co.* 113 Mass. 299; *Fitch* v. *Western Union Telegraph Co.* 150 Mo. App. 149 (telegraph company); *Bickford* v. *Richards*, 154 Mass. 163 (mechanic).

the contract of employment. No such duty was expressed in the contract of employment in the present case, so far as appears; neither did the contract provide any measure for either liability or damages. In the absence of some unusual contract, an injured employee must bring his action in tort, and cannot maintain an action for breach of contract. *Riley* v. *Baxendale,* 6 H. & N. 445. *Denning* v. *State,* 123 Cal. 316. *Krebenios* v. *Lindauer,* 175 Cal. 431. *Gawne* v. *Bicknell,* 162 Fed. 587, 589. *Obanhein* v. *Arbuckle,* 80 App. Div. (N. Y.) 465. *Daurizio* v. *Merchants Despatch Transportation Co.* 152 Misc. (N. Y.) 716, 721. Doubtless a master owes as high a duty to one who accepts without compensation or contract the position of a servant, as to an employee. *Cameron* v. *State Theatre Co.* 256 Mass. 466. *Barstow* v. *Old Colony Railroad,* 143 Mass. 535. *Murphy* v. *Barry,* 264 Mass. 557. *Lessard* v. *Kneeland,* 257 Mass. 455. *Coulombe* v. *Horne Coal Co.* 275 Mass. 226. *Kowalczyk* v. *Murphy,* 295 Mass. 551. *Alderman* v. *Noble,* 296 Mass. 30. *Donovan* v. *Johnson,* 301 Mass. 12. *Brooks* v. *Central Sainte Jeanne,* 228 U. S. 688. *Connelly* v. *Allen,* 269 Fed. 788. *Rook* v. *Schultz,* 100 Ore. 482. The obligation imposed upon the employer by the law cannot be diminished by the contract of employment. G. L. (Ter. Ed.) c. 149, § 177A. *Palmer* v. *Boston & Maine Railroad,* 227 Mass. 493. *Johnston* v. *Fargo,* 184 N. Y. 379, 6A. & E. Ann. Cas. 1. *Pittsburgh, Cincinnati, Chicago & St. Louis Railway* v. *Kinney,* 95 Ohio St. 64. Am. Law Inst. Restatement: Contracts, § 575 (1) (a). Williston, Contracts (Rev. Ed.) § 1751 D, § 1751 B.

It is true that the limitation of the doctrine of *respondeat superior* and the requirement of personal· fault on the part of the master, which has become known as the fellow servant rule, has been rested upon the ground that "the *implied contract* of the master does not extend to indemnify the servant against the negligence of any one but himself" (*Farwell* v. *Boston & Worcester Rail Road,* 4 Met. 49, 60), or conversely that there is "something in the nature of a voluntary bargain on the part of the servant to run the risks of the employment." *Tozeland* v. *Guardians of the*

*Poor of the West Ham Union,* [1906] 1 K. B. 538, 544. See also *Albro* v. *Agawam Canal Co.* 6 Cush. 75; *King* v. *Boston & Worcester Railroad,* 9 Cush. 112, 114; *Snow* v. *Housatonic Railroad,* 8 Allen, 441, 445; *Gilman* v. *Eastern Railroad,* 10 Allen, 233; *Barstow* v. *Old Colony Railroad,* 143 Mass. 535, 536; *Morgan* v. *Smith,* 159 Mass. 570, 573; *Fanton* v. *Denville,* [1932] 2 K. B. 309; *Wilsons & Clyde Coal Co. Ltd.* v. *English,* [1938] A. C. 57. And the rule that the master is not bound to change the obvious conditions and methods of the employment to make them less dangerous to the servant than they were when the employment began, has sometimes been called a contractual assumption of risk, inaccurate though that expression may be. *Mahoney* v. *Dore,* 155 Mass. 513, 518, 519. *Sylvain* v. *Boston & Maine Railroad,* 280 Mass. 503. *Demaris* v. *Van Leeuwen,* 283 Mass. 169. *Cronan* v. *Armitage,* 285 Mass. 520, 526, 527. *Hietala* v. *Boston & Albany Railroad,* 295 Mass. 186, 188–190. But whether these rules limiting the responsibility of the master or employer can be based theoretically upon some implied or assumed contract or not (see Bohlen, Voluntary Assumption of Risk, 20 Harv. L. R. 30–34, 101, Selected Essays on the Law of Torts, 513–517, 528), we think that the general obligation of care on the part of a master or employer to his servant or employee, or a controversy over that obligation, cannot be said to arise under the contract of employment.

*Order refusing a stay of proceedings affirmed.*