Allen W. **REEVES**, Plaintiff, Appellant,

v.

Charles **TARVIZIAN** et al., Trustees et al., Defendants, Appellees.

No. 6538.

United States Court of Appeals First Circuit.

Heard Sept. 15, 1965.

Decided Oct. 29, 1965.

Edward F. Myers, Boston, Mass., with whom Jackson J. Holtz and Holtz, Sullivan & Zonderman, Boston, Mass., were on brief, for appellant.

Herman Snyder, Boston, Mass., with whom Philip Markell and Snyder, Tepper, Berlin & Katz, Boston, Mass., were on brief, for appellees.

Before ALDRICH, Chief Judge, J. WARREN MADDEN, Judge of the Court of Claims * and JULIAN, District Judge.

ALDRICH, Chief Judge.

■ This is a diversity case, to which the law of Massachusetts is applicable. Bernhardt v. Polygraphic Co., 1955, 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199. Plaintiff appellant, as an employee of O. G. Kelley & Co., was a beneficiary of a pension trust of which defendant appellees are the trustees. Essentially the trust provides that upon normal retirement as therein defined an employee will receive certain life insurance and a retirement annuity. The employee contributes periodically an amount towards the life insurance; the employer essentially pays for the rest.[1] In the case of early termination of the employment, other than by death, the life insurance terminates and the employee receives back his contributions with interest.[2] If his termination is not for cause, the employee on early termination will receive commuted benefits on account of his annuity. If, however, it is for cause he receives nothing on that account. The present action is for those benefits, defendants having taken the position that plaintiff's termination was for cause.

The trust provides that if the trustees determine that an employee has been discharged for cause, the employee "shall be given a period of 20 days following the mailing of such notice in which to appeal and if he does not appeal within such period by writing addressed to the trustees, the judgment of the trustees shall be final. If he files notice of appeal within 20 days after the mailing of the notice by the trustees, he shall, simultaneously with the filing notice of appeal, name an arbitrator from among the employees of the employer. The trustees shall name a second arbitrator and these two shall choose a third arbitrator. The decision of a majority of the board of arbitrators shall be final and binding upon the former employee, the trustees and all other parties." When the defendants notified the plaintiff that they had decided that his termination was for cause he made due appeal, and designated an arbitrator. The other two arbitrators were appointed. Thereafter a dispute arose about procedure and the present action was instituted.

■ The defendants moved to dismiss the action or, alternatively, for a stay pending completion of the arbitration.

---

* Sitting by designation.

1. The employee's total contribution is to be no more than one half of the gross premiums for the life insurance. It cannot be told with certainty whether, under some circumstances, this contribution will exceed the net premium payable on account of the life insurance, [Art. VIII] If it should, of course, the employee would have made a contribution towards the annuity.

2. Plaintiff complains that the interest specified was only 2%. This is irrelevant to our present question. Nor, incidentally, does it seem unfair, because he has been having the benefit of coverage during the term of his employment.

Plaintiff opposed the stay by affidavit, asserting a belief that he did not expect the arbitrators to give him a fair hearing. His reasons, stated orally, were not impressive.[3] The court apparently felt his grounds for opposing arbitration altogether were equally unimpressive. It granted the stay, but, as we read its remarks, only in order to retain jurisdiction in case plaintiff's prophecy of unfair treatment proved correct. The parties then arbitrated, the plaintiff lost, and the court, reciting that the case was controlled by Clark v. New England Tel. & Tel. Co., 1917, 229 Mass. 1, 118 N.E. 348, dismissed the complaint. Plaintiff appeals.

Unless the 1960 adoption of the Uniform Arbitration Act, Mass.Gen.Laws, ch. 251, was retrospective, a rather thorny question, it is not at all clear under Massachusetts law, which has always regulated arbitration by statute, that plaintiff was bound by the arbitration agreement in the trust. Defendant's case of Clark v. New England Tel. & Tel. Co., supra, even if not to be regarded a sport, may be distinguished on two grounds. The first is that in Clark all of the contributions to the pension were made by the employer.[4] The second ground, a more significant one, is that the so-called arbitrators in Clark, whom the court held not to be arbitrators, correspond with the defendant trustees, not with the arbitrators in this case. The arbitrators are, under the terms of the present agreement, a second step. Clark might more appropriately be taken to stand for the proposition that plaintiff was bound by the trustees' decision unless they had been guilty of fraud or, perhaps, gross negligence, rather than as establishing that he was bound to arbitrate.

Plaintiff has a greater difficulty. He finally proceeded with the arbitration. While he suggests in this court that he was bound to do so by order of the district court, the court made no such order. Rather, it indicated that if the plaintiff would not arbitrate within 120 days it would dismiss his complaint. Plaintiff could have refused to arbitrate, permitted the court to dismiss, and then appealed. This would have raised the question squarely. Alternatively, conceivably he might have requested an interlocutory ruling and sought to process an interlocutory appeal under 28 U.S.C. § 1292(b). He did neither. Nor did he, after the arbitration, seek to amend his complaint to assert actual unfairness or misconduct by the arbitrators. His position remained that he was under no obligation to arbitrate, from which he now seeks to draw the conclusion that he is free to disregard the result.

 Plaintiff, however, having elected to proceed with the arbitration, and it not appearing that the arbitration was unfairly conducted, is bound by the consequences. Even though an agreement to arbitrate which does not meet the statutory requirements may not be specifically enforced in its executory stages, see discussion in Lakube v. Cohen, 1939, 304 Mass. 156, 23 N.E.2d 144; Boston & Lowell R. R. v. Nashua & Lowell R. R., 1885, 139 Mass. 463, 31 N.E. 751; but cf. Pond v. Harris, 1873, 113 Mass. 114, the Massachusetts law is clear that a decision by arbitrators to which a party has submitted is res judicata of what has been decided, and may be enforced by court order. Louison v. Fischman, 1960, 341 Mass. 309, 168 N.E.2d 340; Bates v. Curtis, 1838, 21 Pick. (38 Mass.) 247; Jones v. Boston Mill Corp., 1827, 4 Pick. (21 Mass.) 507.

We appreciate that as a practical matter plaintiff was in a certain dilemma. If he refused to arbitrate, he ran risks. Any risk, however, was of his own making. He had participated in an agree-

3. Requiring that a fellow employee be named as an arbitrator is not, in our opinion, equivalent to designating a directly interested party, as in Brocklehurst & Potter Co. v. Marsch, 1916, 225 Mass. 3, 113 N.E. 646.

4. Defendants assert that in the present case all of the contributions to the annuity, the matter presently in issue, were also made by the employer. This is not clear. See fn. 1, supra.

ment that contained an arbitration clause. We believe it fair to hold that when the matter came to issue he must elect, either to stand by the arbitration agreement, or to abandon it. There is no good reason for giving him a double opportunity.

Affirmed.