Curtin, J.
Esther Lopez (“Lopez”) prevailed in an arbitration pursuant to G.L.c. 90, §7Nl/4 (“Used Car Lemon Law”). Santo Domingo Motors (“Santo Domingo”) appealed the arbitration award to the Lawrence District Court. G.L.c. 90, §7Nl/4(3) (A) (iii). The trial court vacated the award on the grounds that the arbitrator had no authority to arbitrate because Lopez’s request for arbitration was not submitted timely. Lopez appealed to this Division.
1. Section 7Nl/4(3) (A) (iii) of G.L.c. 90 provides that “[a]U dealers shall submit to state-certified, used car arbitration, if such arbitration is requested by the consumer asserting his or her right to a repurchase under this section, within six months from the date of original delivery to such consumer of a used motor vehicle.” It is undisputed in this case that Lopez took possession of the subject vehicle on November 21, 2007, and requested arbitration on September 15, 2008. She failed, therefore, to satisfy the six-month submission deadline.
By participating in the arbitration proceedings, however, Santo Domingo waived its objection to the arbitrability of the dispute. See Lumbermens Mut. Cas. Co. v. Malacaria, 40 Mass. App. Ct. 184, 190 (1996) (party who participated in arbitration “without clear or affirmative objection” cannot claim on appeal that resulting award was made in excess of arbitrator’s authority); Turner Fisheries, Inc. v. Seafood Workers Union I.L.A., 19 Mass. App. Ct. 925 (1984) (party who participated in arbitration, but who failed to raise issue that no agreement to arbitrate existed, was barred from raising that issue in subsequent superior court action to vacate arbitration award). See also Reeves v. Tarvizian, 351 F.2d 889, 891 (1st Cir. 1965) (party who elects to participate in arbitration, absent unfair conduct, is bound by its consequences) . Santo Domingo’s argument that it had no choice but to proceed with arbitration upon Lopez’s request is without merit. Timely submission of her request was a procedural prerequisite to Santo Domingo’s obligation to arbitrate. See General Motors Corp. v. Blackburn, 403 Mass. 320, 323 (1988) (interpreting similar provision *288 under G.L.c. 90, §7Nl/2(6) for new car arbitration). Having failed to decline arbitration on that ground, Santo Domingo waived the issue on appeal to the trial court.
Further, the arbitrator expressly found that she had authority to arbitrate based on the receipt of Lopez’s arbitration request "within six months of the delivery date of the vehicle from a Massachusetts dealer, or before the end of the dealer’s warranty period.” Under Massachusetts law, an arbitrator may properly decide issues that are procedural in nature. Massachusetts Highway Dep’t v. Perini Corp., 444 Mass. 366, 377 (2005), citing Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 85 (2002) (procedural questions include “time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate”). Upon an appeal, the trial court may vacate a state-certified, used car arbitration award only if the award was procured by fraud or corruption, there was partiality by an arbitrator or other misconduct prejudicing a party, or the arbitrator exceeded his or her powers. G.L.c. 90, §7Nl/4(3) (A) (iii) (a)(c). Santo Domingo raised only the third ground for appeal in the trial court, a situation that, under the interpretive rule of Howsam and Massachusetts Highway Dep’t, does not apply in this case.
2. Because it vacated the arbitrator’s award in favor of Lopez, the trial court denied Lopez’s motion for attorney’s fees and costs incurred in defense of the award. Section 7N1/4 of G.L.c. 90 provides that “[i]n addition to any other recovery, any prevailing consumer shall be awarded reasonable attorney’s fees and costs.” Because we conclude that the trial court erred in vacating the arbitration award, the court’s order denying Lopez’s request for attorney’s fees and costs must also be vacated.
Accordingly, we reverse the trial court’s order vacating the arbitration award, vacate the denial of Lopez’s request for attorney’s fees and costs, and return this case to the Lawrence District Court for further consideration of the issue of attorney’s fees and costs.
So ordered.