CALEB BLODGETT, administrator, *vs.* JOHN M. PRINCE.

An award upon a submission which does not prescribe the place or manner of hearing is not invalid because the arbitrators met in the office of the counsel of one of the parties; nor because the counsel, contrary to an agreement between the parties, assisted his client, if on the objection of the other party he ceased to act.

If three arbitrators come to a final decision on a matter submitted to the award of them or a majority of them, the facts that the award is afterwards reduced to writing, is signed by two of them at different times, and by the third is not signed at all, do not vitiate the award.

The refusal of arbitrators to reopen a case finally determined by them, for the purpose of receiving further testimony, is a matter within their discretion.

CONTRACT, begun originally by William H. Gibbs, the plaintiff's intestate. The case was referred by agreement of parties to Horatio N. Page, David F. McGilvray, and Nathaniel Wales, the award of whom or a majority of whom to be final, the arbitrators to "hear the parties, first giving seasonable notice of the time and place of hearing, and return their award" into the superior court. On February 8, 1870, an award in favor of Gibbs, signed by McGilvray and Wales, was returned into the court. Gibbs having died, the plaintiff was admitted to prosecute as administrator of his estate, and moved that the award should be accepted. The defendant objected, and filed specifications, alleging that Gibbs was assisted by counsel at the hearing before the arbitrators, contrary to agreement of the parties; that the hearing was had at the office of Gibbs's counsel; that Page did not participate in the consultations of the arbitrators in making the award; and that the defendant did not have an opportunity to submit all his evidence.

At the hearing on the motion, before *Reed*, J., the judge found that two of the hearings before the arbitrators were held, against the defendant's protest, at the office of Gibbs's counsel; that at the first hearing, Gibbs, contrary to his agreement with the de-

fendant, was assisted by his counsel, but that on the defendant's protest the counsel no longer acted; " that the last meeting of the arbitrators was held on January 17, 1870, the arbitrators then supposing that the hearings were ended; that the defendant was present at this hearing until he was requested by the arbitratois to withdraw and was informed by them that they wished to confer together and agree upon their award; that the arbitrators at this meeting agreed to award to Gibbs the sum finally named in the award, but their report was not then reduced to writing, and a meeting was appointed for January 24, for the purpose of examining and signing the award as reduced to writing; that it was understood by all the arbitrators that Page, although agreeing substantially with his associates, would not sign the award, for reasons of a personal nature, originating in the intimate relations subsisting between himself and the defendant; that before January 24 Wales found that he would not be able to attend the meeting appointed for that day, and Page was notified by the plaintiff that there would be no such meeting; that Wales drew up and signed the award, and procured the signature of McGilvray, (copying a form drawn by the plaintiff,) and no meeting was held on January 24; that there was evidence tending to show that Page never saw the award; that the defendant, after the meeting on January 17, gave notice to one or more of the arbitrators that he had further testimony which he desired to introduce, and that he wished to be present at the meeting on January 24 with his witnesses; that on January 24 the defendant was present at the time and place fixed for the meeting, accompanied by one or more witnesses; that McGilvray appeared at the time and place of meeting, and waited some time for the other arbitrators, who however did not come; that the defendant never had an opportunity, before the award was filed and after the meeting of January 17, to introduce the testimony concerning which he had given notice; and that Gibbs died on January 29."

The defendant contended that on the foregoing facts the award should be set aside. But the judge ordered judgment to be entered upon the award, and the defendant alleged exceptions.

*H. M. Rogers*, for the defendant, cited *White* v. *Sharp*, 12 M. & W. 712; *Pering* v. *Keymer*, 3 Ad. & El. 245; *Moore* v. *Ewing*, 1 Coxe, 144; *Dalling* v. *Matchett*, Barnes, 57; *Little* v. *Newton*, 9 Dowl. 437, 445; *Stalworth* v. *Inns*, 13 M. & W. 466; *Wade* v. *Dowling*, 4 El. & Bl. 44; *Eads* v. *Williams*, 24 L. J. (N. S.) Ch. 531; *Templeman* v. *Reed*, 9 Dowl. 962; *Bannister* v. *Read*, 1 Gilman, 92, 102; *Harris* v. *Norton*, 7 Wend. 534; *Brewer* v. *Kingsley*, 1 Johns. Cas. 334; Russell on Awards, 206, 208, 648.

*C. Blodgett, pro se.*

GRAY, J. Upon a bill of exceptions, all just inferences of fact are to be made in favor of the judgment of the court below, and it can be set aside for error in law only. We find no such error in the present case.

1. The submission not having prescribed the place or manner of hearing, they were left to the discretion of the arbitrators. And it appears that the plaintiff's counsel withdrew from the hearing as soon as the defendant protested against his taking part in it.

2. The facts stated in the bill of exceptions warranted the inference that the arbitrators came to a final decision on January 17, and that nothing remained to be done except the final reducing to writing and signing of the award then agreed upon. If that was so, the fact that the two arbitrators, constituting a majority of the board, afterwards signed the award at different times, and that it was not signed at all by the third arbitrator, did not vitiate the award. *Maynard* v. *Frederick*, 7 Cush. 247. *Sperry* v. *Ricker*, 4 Allen, 17.

3. The question whether the case, having been once finally determined by the arbitrators, should be reopened to receive further testimony, was within their discretion, and no reason was shown for revising their conclusion upon it. *Exceptions overruled.*