MYER DANA *vs.* WILLIAM J. DANA & another.

Suffolk.    March 10, 1927. — July 1, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Arbitrament and Award.  Landlord and Tenant,* Renewal of lease. *Equity Jurisdiction,* To enjoin arbitration proceedings, To relieve from fraud, To cancel lease, To order defendants to testify before arbitrators.

An agreement in a lease of land provided that if the amount of the rent to be paid by the lessee or his assignees in case of a renewal permitted by the lease could not be agreed upon by the parties, "the same should be left to three arbitrators; one to be chosen by the Lessor and the other to be chosen by the Lessee and the two so chosen shall choose a third person and it is agreed that the decision of the arbitrators shall be final and binding on the parties hereto, and it is further agreed that the remaining five years of the option if the parties cannot agree as to the rental, the parties shall arbitrate as is herein contained, and the Lessee does promise to pay the said rent in the manner aforesaid." *Held,* that the agreement for arbitration was valid.

Arbitrators under a common law unrestricted form of submission are to determine their mode of procedure and are not bound by technical rules.

Under G. L. c. 233, § 1, parties to a common law arbitration may have witnesses summoned to testify at the hearing before the arbitrators.

A bill in equity by a party to an agreement for a common law arbitration contained in a lease of land, in which there were averments of fraud on the part of the defendant at uncompleted arbitration hearings and the plaintiff sought that the contract and lease be cancelled or terminated, and that other relief by way of damages or of injunction should be determined by the court, cannot be maintained.

BILL IN EQUITY, filed in the Superior Court on November 16, 1926, and afterwards amended.

The bill is described in the opinion.  The defendants demurred.  The demurrer was heard by *Morton,* J., who ordered it sustained and reported the suit to this court for determination.

*E. C. Jenney,* for the plaintiff.

*Lee M. Friedman,* for the defendants.

BRALEY, J.  By an indenture dated July 17, 1916, Sarah P. Smith and Walter N. Smith leased to the defendant, William J. Dana, a store numbered 56 on Main Street in the city

of Taunton, and "so much of the cellar as is underneath said store," with the privilege of using "the open area of the rear and the driveway from Trescott Street as is necessary for the conduct of its business." The lessor also agreed to demolish "the present building" and to erect a new building in accordance with plans furnished by Gustavus L. Smith, an architect. The erection of the new building was to "begin as soon as practicable to and be ready for use and fit for occupation not later than October 15, 1916." The term of the demise was fixed at ten years from November 1, 1916, and the lease was duly recorded under G. L. c. 183, § 4. The rent was payable as follows, $1,500 per annum for the first four years, to be paid in advance at the rate of $125 a month, $1,800 yearly for the six years thereafter, which rent was to be paid in advance at the rate of $150 for each month, "with the option on the part of Lessee to renew this lease for a further term of ten years from the expiration of the term herein set forth. . . . The rent for the option for the first five years if the parties to this indenture cannot agree, it is agreed by the parties hereto that in the event of a disagreement as to the rental, the same should be left to three arbitrators; one to be chosen by the Lessor and the other to be chosen by the Lessee and the two so chosen shall choose a third person and it is agreed that the decision of the arbitrators shall be final and binding on the parties hereto, and it is further agreed that the remaining five years of the option if the parties cannot agree as to the rental, the parties shall arbitrate as is herein contained, and the Lessee does promise to pay the said rent in the manner aforesaid. . . . This lease shall bind the Lessor and Lessee, their respective heirs, executors, administrators, assigns and successors."

The covenant for renewal ran with the land, and is binding on the plaintiff, who at some time after July 17, 1916, acquired the title and when the present suit was begun, was the owner of the reversion. *Leominster Gas Light Co.* v. *Hillery,* 197 Mass. 267. *Taylor* v. *Kennedy,* 228 Mass. 390, 394, 395. It is stated in the bill that within the time named in the lease, the defendant, William J. Dana, notified the plaintiff of his intention to exercise the option of renewal,

and, the parties being unable to agree on the amount at which the future rental should be fixed for the period of five years from the expiration of the lease, each party chose an arbitrator while the two thus designated selected a third arbitrator. The board as constituted consisted of three members of the bar, each having a usual place of business in Boston where the plaintiff also resides.

The agreement for arbitration was valid. *Marsch* v. *Southern New England Railroad*, 230 Mass. 483. The arbitrators seasonably heard the parties and their evidence, and the hearings, when the present suit was begun, had been completed with "the exception of final arguments by counsel upon the evidence as submitted."

The material allegations of fact in the bill, which are admitted by the demurrer, *O'Brien* v. *O'Brien*, 238 Mass. 403, set forth in substance, that the defendants are owners or in control of many stores and buildings in close proximity to the demised premises, and a true statement by them of the "rentals received" would be of great assistance to the arbitrators, and that a fair rental value can be determined only by a complete disclosure "of all facts, documents, books and papers in the possession or within the control" of the parties with such evidence as "both may produce relative to the future rental value," which is to be ascertained largely from rents received from similar real property in the vicinity. But at the hearings, the defendant, William J. Dana produced "what purported to be existing leases of certain premises in the vicinity of said premises," and testified as to the rents and income received therefrom. The allegation is then made, that his evidence was "fictitious and false," and "not in accordance with the facts," and that it was offered for the purpose of deceiving, and was "intended to mislead, and confuse the . . . arbitrators in their determination of the true rental value of the plaintiff's property." The thirteenth paragraph of the bill alleges, that Moses L. Dana is president of the Dana Furniture Company, located in Taunton, of which the defendant, William J. Dana, is the treasurer and clerk, and that Moses L. Dana is the president and William J. Dana is the treasurer and clerk of the Bristol

County Realty Company, also doing business in Taunton, in which they control "a large majority of the stock." The defendant testified, that the Dana Furniture Company paid to the Bristol County Realty Company rent at the rate of $300 a month, which evidence was untrue and was introduced for the purpose of "fraudulently deceiving the arbitrators," and "to damage your plaintiff." The allegations in the fourteenth, fifteenth and sixteen paragraphs are largely amplifications of the statements in the thirteenth paragraph. The thirteenth paragraph, however, further alleges that the defendants "conspired together" for the purpose of concealing from the arbitrators the true amount of rent paid for the store by the Dana Furniture Company, and that Moses L. Dana, who was present, heard the testimony of William J. Dana and, well knowing that it was untrue and that it was given with the intent of "fraudulently deceiving the arbitrators." The fourteenth, fifteenth and sixteenth paragraphs contain similar statements as to leases from the Bristol County Realty Company held by tenants whose names are given, with the amount of rent paid by each as testified to by William J. Dana. The seventeenth paragraph charges that William J. Dana, with the knowledge and consent of Moses L. Dana, caused the destruction of "ledger cards" and original books of entry of the Bristol County Realty Company, "showing the accounts of the different tenants," for the purpose of preventing their production in evidence before the arbitrators on the principal issue or to contradict William J. Dana who testified "that he kept no books or records of any kind pertaining to said business and that all business transactions of said corporation were kept on memoranda." It is alleged in the eighteenth paragraph that William J. Dana testified that he and his brother, Moses L. Dana, were the principal officers of the Bristol County Realty Company, and controlled a large majority of its stock, and that the corporation owned several business blocks in Taunton, and kept records of its business transactions showing the amount of rents received from various tenants. But he also said, that he would produce the books and records before the arbitrators only on the instructions

of his counsel. The nineteenth paragraph only continues the charges of conspiracy and of presenting false evidence referred to in the preceding paragraphs. The twenty-second paragraph asserts, that Moses L. Dana is one of the principal stockholders of the Taunton Women's Quality Shop, Inc., "a sub-tenant" of William J. Dana, and that the defendants are jointly interested in the lease and rental to be paid under the option, and that the proceedings before the arbitrators are prosecuted for the benefit of the corporation. The twenty-third, twenty-fourth and twenty-fifth paragraphs relate to the mode of procedure at the hearings. It is stated and urged therein that the plaintiff is remediless because he cannot summon witnesses to support his contentions, and that the defendants, taking advantage of this situation and in pursuance of the alleged conspiracy, have "refused . . . to produce books, papers and records which are material to the determination of the issue." The twenty-sixth and closing paragraph is in these words: "Your plaintiff further represents that he is informed and believes and therefore avers that the defendant William J. Dana and the defendant Moses L. Dana conspired together and with other person or persons, to your plaintiff unknown with the design of producing untrue, inaccurate and false testimony before said board of arbitrators for their own benefit against the substantial and material rights of your plaintiff."

The arbitrators, under the unrestricted form of submission, which was at common law, were to determine the mode of procedure, and were not bound by technical rules. *Maynard* v. *Frederick*, 7 Cush. 247. *Blodgett* v. *Prince*, 109 Mass. 44. *Hall* v. *Norwalk Fire Ins. Co.* 57 Conn. 105. *Sanborn* v. *Paul*, 60 Maine, 325. *Hewlett* v. *Laycock*, 2 C. & P. 574. The settlement of disputes by arbitration is a matter of ancient practice at the common law, 3 Bl. Com. (Sharswood ed.) 16, and though no action is pending between them, the parties can agree to submit their disputes to arbitrators, provided the agreement for reference does not oust the courts of jurisdiction. *Hood* v. *Hartshorn*, 100 Mass. 117, 122. The arbitrators derived their authority from the agreement of the parties, which is authorized by law, and were a tribunal

constituted to hear evidence and to determine the rental value of the premises. It is stated in the twenty-first paragraph of the bill "that a court stenographer was present and took stenographically all of the evidence presented as aforesaid." We assume from this statement and from the specific phrasing of the bill that the witnesses were sworn by the arbitrators acting under G. L. c. 233, § 14. It moreover does not appear that the plaintiff made any objection to the mode of procedure, or that he did not have full opportunity of cross-examination and to present evidence, and of being heard in his own behalf, as well as to offer proof of the alleged false testimony of William J. Dana and of the alleged conspiracy to suppress or destroy evidence which was material in support of the plaintiff's claims. *Maynard* v. *Frederick*, 7 Cush. 247, 250. The credibility of the witnesses and the weight to be given to their testimony were for the arbitrators to determine, and it is to be presumed on the record that they were men selected by the parties of known integrity and competency. *Everett* v. *Charlestown*, 12 Allen, 93. *Washburn* v. *White*, 197 Mass. 540, 544.

The arbitrators, before whom the proceedings are still pending, are not joined as parties, and whether the hearing shall be reopened at the request of the plaintiff for the introduction of further evidence, is discretionary with them. *Blodgett* v. *Prince, supra.* The question, whether the plaintiff before the award has been executed and published could revoke the submission is not within the scope of the pleadings. See *Wallis* v. *Carpenter*, 13 Allen, 19, 24. *Boston & Lowell Railroad* v. *Nashua & Lowell Railroad*, 139 Mass. 463, 469.

It is also contended that in an arbitration at common law, the plaintiff cannot summon witnesses to attend the hearings, and give evidence which would tend to establish his contentions as previously described. But it is provided by G. L. c. 233, § 1, that in civil cases on application of a party "A clerk of a court of record, a justice of the peace or a special commissioner may issue summonses for witnesses in all cases pending before courts, magistrates, auditors, referees, arbitrators or other persons authorized to examine

witnesses." See also, G. L. c. 4; c. 233, § 14. We are accordingly of opinion that the statute by its plain meaning is applicable, and the plaintiff's neglect to avail himself of it is no reason for maintaining the bill. The contract created by the covenant being valid, William J. Dana cannot be deprived of his rights under it, and is entitled on the record to a decision by the arbitrators on the merits. *Old Colony Street Railway* v. *Brockton & Plymouth Street Railway*, 218 Mass. 84, 90, 91.

The prayers, that the contract be cancelled, or terminated, and that other relief by way of damages, or of injunction, should be administered by this court, cannot be granted. *Bigelow* v. *Newell*, 10 Pick. 348. *Smith* v. *Boston & Maine Railroad*, 16 Gray, 521. *Selectmen of Danvers* v. *Commonwealth*, 184 Mass. 502. We fail to perceive why Moses L. Dana, who was not a party to the lease and never succeeded to any rights thereunder nor testified at the hearings, should have been made a defendant. If this defendant has committed any actionable wrong to the plaintiff's damage, the remedy must be sought in an independent action. *Doherty* v. *Phoenix Ins. Co.* 224 Mass. 310, 315.

The order of the trial judge sustaining the demurrer is affirmed, and, the plaintiff having declined to amend, a decree is to be entered dismissing the bill with costs.

*Ordered accordingly.*