Roberto Construction Co. Inc. *v.* Burnham-Manning Post #1105, etc.

The defendants' reliance on St. 1962, c. 340, which added a proviso to G. L. c. 40A, § 5, is based on a misreading of the language of the proviso. It is only "non-conforming buildings . . . used primarily for agriculture, horticulture or floriculture" that are within its terms.[4]

General Laws c. 40A, § 5A, as amended through St. 1961, c. 435, § 1, also relied on by the defendants, refers to building on certain nonconforming lots, not to alterations of nonconforming buildings or alterations to create nonconformity.

The defendants can assert no right under the first, illegally granted, permit. See cases cited in *Kolodny* v. *Building Commr. of Brookline,* 346 Mass. 289, 290.

There was no error in any ruling nor in the denial of the defendants' motion to dismiss the bill of complaint.

*Final decree affirmed.*
*Exceptions overruled.*

---

ROBERTO CONSTRUCTION CO., INC. *vs.* BURNHAM-MANNING POST #1105 VETERANS OF FOREIGN WARS OF THE UNITED STATES, INC.

Middlesex.      April 8, 1964. — April 30, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & REARDON, JJ.

*Arbitration. Supreme Judicial Court, Briefs.*

In an action where there was an unambiguous statement of fact in the defendant's bill of exceptions which the plaintiff sought to deny by printing unsigned copies of certain letters in an appendix to its brief and there was nothing to show that the letters had been offered in evidence and they were not referred to in the bill, they were not properly

---

before this court and a motion by the defendant to strike the appendix and references thereto in the plaintiff's brief must be allowed. [402–403]

Where a construction contract provided for arbitration of disputes and a method of appointment of arbitrators, and, when a dispute arose, the contractor never demanded arbitration according to the contract and the owner did not fail or refuse to arbitrate or deny the existence of the agreement to arbitrate and there was no failure of the agreed method of appointment of arbitrators, the Superior Court had no authority under G. L. c. 251, §§ 2 (a), 3, inserted by St. 1960, c. 374, to order the parties to proceed to arbitration and to appoint an arbitrator on applications by the contractor, and arbitration by the arbitrator so appointed was a nullity. [403–404]

CONTRACT. Writ in the Superior Court dated April 3, 1962.

The defendant alleged exceptions to an order by *Forte, J.*, that the parties proceed to arbitration, to an order by *DeSaulnier, J.*, appointing an arbitrator, and to the allowance by *Kalus, J.*, of a motion by the plaintiff for judgment on the arbitrator's award.

*Warren G. Miller* for the defendant.

*Joseph S. Vahey* (*Dorothy A. Vahey* with him) for the plaintiff.

WILKINS, C.J. The plaintiff contractor entered into a written construction contract dated April 25, 1961, with the defendant Post. In this action of contract the declaration alleges that the defendant was required by the agreement to maintain extended coverage insurance for the plaintiff on the structure which the plaintiff agreed to erect; that the Post provided a policy; that a loss occurred; and that the Post received from the insurance company a sum of money which it failed to pay to the plaintiff. The issues before us are the validity of an order of a judge of the Superior Court appointing an arbitrator, and of a later order allowing the plaintiff's motion for judgment on the arbitrator's award.

Article 29 of the "General Conditions" of the contract provided that the owner, the Post, "shall deposit any money received from insurance in an account separate from all his [*sic*] other funds and he [*sic*] shall distribute it in accordance with such agreement as the parties in interest may reach, or under an award of arbitrators appointed, one by

the owner, another by joint action of the other parties in interest, all other procedure being as provided elsewhere in the contract for arbitration."

Article 40 of the "General Conditions" provided: "All disputes, claims or questions subject to arbitration under this contract shall be submitted to arbitration in accordance with the provisions, then obtaining, of the Standard Form of Arbitration Procedure of The American Institute of Architects . . . . [T]he decision of the arbitrators shall be a condition precedent to any right of legal action . . . . Notice of the demand for arbitration of a dispute shall be filed in writing with the other party to the contract, and a copy filed with the architect."

The standard form mentioned in article 40 requires the party intending to arbitrate to make a written demand upon the other party stating accurately and concisely the matter in controversy and designating whether the arbitration shall be administered in accordance with the standard form or with the rules of the American Arbitration Association. A copy of the demand is to be sent to the architect, and to the association if its rules have been designated. Each party is then required to name one arbitrator and those two, if possible, are to agree upon a third. If either party fails to name an arbitrator, or the two named arbitrators fail to agree upon a third, the arbitration is to be administered according to the rules of the American Arbitration Association.

The bill of exceptions contains the following unambiguous statement: "The plaintiff never made a demand for arbitration upon the defendant Post as required by the terms of the contract documents and by the Standard Form of Arbitration Procedure of The American Institute of Architects which is incorporated therein by reference." The plaintiff seeks to deny this statement and prints an appendix to its brief consisting of unsigned copies of two letters allegedly sent by it to counsel for the defendant. There is nothing to show that they were offered in evidence. They are not referred to in the bill of exceptions, and are not properly

347 Mass. 400                                           403

Roberto Construction Co. Inc. *v.* Burnham-Manning Post #1105, etc.

before us. The defendant's motion to strike the appendix and references thereto in the brief must be allowed.

On June 15, 1962, a judge of the Superior Court allowed the plaintiff's motion that the parties be directed to proceed to arbitration. On November 1, 1962, purportedly pursuant to G. L. c. 251, the judge entered an order appointing an arbitrator. The defendant excepted to each order. After a hearing, the arbitrator filed an award in favor of the plaintiff, and on April 26, 1963, subject to the defendant's exception, a judge of the Superior Court allowed the plaintiff's motion for judgment "according to the arbitrator's findings and award."

By St. 1960, c. 374, there was enacted the Uniform Arbitration Act for Commercial Disputes. G. L. c. 251. For authority of the judge to appoint an arbitrator the plaintiff relies upon § 2 (a), reading, "A party aggrieved by the failure or refusal of another to proceed to arbitration under an agreement . . . may apply to the superior court for an order directing the parties to proceed to arbitration. If the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall, if it finds for the applicant, order arbitration; otherwise, the application shall be denied." Section 3, however, reads: "If the arbitration agreement provides a method of appointment of arbitrators, such method shall be followed. In the absence thereof, or if the agreed method fails or for any reason cannot be followed, or if an arbitrator appointed fails or is unable to act and his successor has not been duly appointed, the court on application of a party shall appoint an arbitrator. An arbitrator so appointed shall have all the powers of an arbitrator specifically named in the agreement."

The agreement in the case at bar admittedly provides for arbitration, and the method agreed upon has not been followed. The record does not sustain any contention that the defendant failed or refused to proceed to arbitration or denied the existence of the agreement to arbitrate. Of course, any findings of the arbitrator are not to be con-

sidered. The agreed method did not fail in any respect. There was, therefore, no authority for the judge to appoint an arbitrator in the circumstances disclosed by the bill of exceptions.

We have had no cases under G. L. c. 251, §§ 2 (a) and 3. But there have been helpful decisions in New York, where the uniform act is in force. In *Matter of Lipschutz* (*Gutwirth*) 304 N. Y. 58, the contract among three partners provided for three arbitrators, to be appointed one by one of the partners, one by the other two jointly, and the third by the arbitrators chosen by the parties. The two partners having the joint power of appointment could not agree. The Appellate Division appointed one arbitrator to hear the entire matter. The Court of Appeals reversed, stating, "The right to have disputes adjusted by several rather than one arbitrator is not to be lightly regarded. The widespread practice of parties to arbitration agreements of making provision for those rights indicates the value placed on them. Our appellate systems are a result of the general view that there is less possibility for error where the question for decision is to be considered by a tribunal consisting of more than one person. . . . The court should, unless there exists a real probability that injustice will result, adhere to the method established by the contract and forego the rewriting of the contract for the parties" (pages 63–64). To the same effect are *Matter of Allen* (*Delmar*) 273 App. Div. (N. Y.) 762; *L. & R. Hewett Constr. Corp.* v. *Ausnit,* 281 App. Div. (N. Y.) 1011; *Bluhm* v *Pereira,* 75 N. Y. S. 2d 170 (Supr. Ct.) ; *Matter of Pisciotta* (*Newspaper Enterprises, Inc.*) 14 Misc. 2d (N. Y.) 766 (Supr. Ct.), modified, 5 App. Div. 2d (N. Y.) 1014.

The arbitration was a nullity. It was error to allow the motion for judgment on the award.

*Exceptions sustained.*