72                                                          415 Mass. 72

Bay State Gas Company *v.* Local No. 273, Utility Workers Union of America.

BAY STATE GAS COMPANY *vs.* LOCAL NO. 273,
UTILITY WORKERS UNION OF AMERICA & others.[1]

Plymouth. March 11, 1993. - April 22, 1993.

Present: LIACOS, C J., NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Arbitration*, Collective bargaining, Parties, Judicial enforcement of summons. *Statute*, Construction.

Neither G. L. c. 150C, governing collective bargaining agreements to arbitrate, nor G. L. c. 233, setting forth procedures for summoning witnesses in civil, criminal, and special tribunal proceedings, provides for judicial enforcement of summonses issued by a party in a labor arbitration. [73-76]

CIVIL ACTION commenced in the Superior Court Department on September 4, 1992.

The case was heard by *John J. O'Brien*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

The case was submitted on briefs.

*Harold N. Mack & Jaclyn L. Kugell* for the plaintiff.

*Paul F. Kelly & Burton E. Rosenthal* for the defendants.

NOLAN, J. The narrow issue presented by this appeal is whether Massachusetts law provides for judicial enforcement of summonses issued by a party in a labor arbitration. We hold that it does not.

This dispute arises in the context of a collective bargaining agreement between the plaintiff, Bay State Gas Company (Bay State), and the defendant union Local No. 273, Utility Workers Union of America (union). The agreement provides that the parties may arbitrate disputes arising under its terms. The agreement also stipulates that employee dis-

---

[1]William Blandin, Sr., and George Potvin.

charges must be for proper cause. In September, 1991, Bay State discharged several employees, including George Potvin and William Blandin, Sr., who are also defendants in this case. The union filed grievances pursuant to the labor agreement, claiming that Potvin and Blandin were discharged without proper cause. The grievances were then submitted to arbitration.

In June, 1992, Bay State directed a notary public to issue and to serve summonses on Potvin to appear in the Blandin discharge hearing, and on Blandin to appear at Potvin's hearing. Bay State claims that each defendant has information material to the other's case. Neither defendant, however, complied with the summons.

In both cases the summonses were issued by a notary public and not by the arbitrator presiding over the hearing. It appears that the arbitrator in Potvin's hearing stated that he was not involved with the summons and, furthermore, had no authority to issue any such subpoena. Neither arbitrator sought judicial enforcement of the summonses issued on behalf of Bay State.

On September 4, 1992, Bay State filed in the Superior Court Department an "Application for Enforcement of Summonses to Appear as Witnesses in Labor Arbitration." A Superior Court judge granted the application for enforcement of both summonses on September 18, but stayed the order for seven days pending the defendants' appeal. The defendants then filed a petition for a stay in the Appeals Court. A single justice of the Appeals Court entered an order on October 14, 1992, extending the judge's stay for the duration of the appeal. The Superior Court judge issued a final judgment granting Bay State's application for enforcement on December 9, 1992, and the defendants filed a timely appeal. We then transferred the case to this court on our own motion.

The relationship between two Massachusetts statutes constitutes the crux of this dispute. On one hand, Bay State relies on G. L. c. 150C (1990 ed.), which governs collective bargaining agreements to arbitrate, and G. L. c. 233 (1990 ed.), which sets forth procedures for summoning witnesses in

civil, criminal, and special tribunal proceedings, for its authority to apply for enforcement of the summonses. The defendants, on the other hand, argue that (1) neither statute cited by Bay State provides for judicial enforcement of summonses issued in labor arbitrations, and (2) even if judicial enforcement is available, Bay State failed to comply with statutory requirements. We agree with the defendants, but do not go as far as to say that a summons issued by an *arbitrator* rather than a *party* is likewise unenforceable under Massachusetts law. That issue is not before the court.[2]

We begin with G. L. c. 150C, the Massachusetts labor arbitration statute, inserted by St. 1959, c. 546, § 1, to make "written collective bargaining agreements to arbitrate enforceable," and to establish "efficient, fair, and uniform procedures for the conduct of arbitration under such agreements and for resolving questions relating to the validity of resulting awards." *Massachusetts Bay Transp. Auth.* v. *Local 589, Amalgamated Transit Union*, 20 Mass. App. Ct. 418, 423 (1985). The defendants point out, quite accurately, that c. 150C does not expressly provide for (nor for that matter does it expressly prohibit) judicial enforcement of subpoenas.[3] In sharp contrast, the Legislature, just one year later, enacted G. L. c. 251, § 7 (*a*), as appearing in St. 1960, c. 374, § 1, which deals with commercial arbitration and which expressly

---

[2]This case concerns only summonses issued by a party in a labor arbitration. We note, however, that enforcement of a summons issued by an arbitrator would be consistent with Federal and State policies which promote arbitration as a viable alternative to litigation. Without the power to compel the attendance of witnesses, an arbitrator's fact-finding capability is severely limited. See *Wilkes-Barre Publishing Co.* v. *Newspaper Guild of Wilkes-Barre, Local 120*, 559 F. Supp. 875, 878 (M.D. Pa. 1982), and cases cited.

[3]Specifically, c. 150C provides that the Superior Court may compel or stay labor arbitrations, § 2; assist in selecting arbitrators, § 3; order prompt scheduling, § 5; permit correction of awards, § 8; and confirm, vacate, or modify awards, §§ 10-12. Parties may file an appeal pursuant to § 16. These provisions are similar to the corresponding text in G. L. c. 251 (1990 ed.), and the United States Arbitration Act, 9 U.S.C. §§ 1 et seq. (1988). *Roberto Constr. Co.* v. *Burnham-Manning Post # 1105 Veterans of Foreign Wars, Inc.*, 347 Mass. 400, 403 (1964).

provides for judicial enforcement.[4] This provision parallels § 7 of the United States Arbitration Act, 9 U.S.C. §§ 1 et seq. (1988).[5] *Roberto Constr. Co.* v. *Burnham-Manning Post # 1105 Veterans of Foreign Wars, Inc.*, 347 Mass. 400, 403 (1964). Such language is absent from c. 150C. If the Legislature has intentionally omitted a provision from a statute, no court may then reintroduce it. *Boylston Water Dist.* v. *Tahanto Regional School Dist.*, 353 Mass. 81, 84 (1967). We discern no persuasive reasons for doing so here.[6]

Bay State concedes that c. 150C fails to provide a mechanism for enforcement of summonses. However, G. L. c. 150C, § 5 (*b*), declares that "parties shall have the right . . . to present evidence material to the controversy," and Bay State asserts that G. L. c. 233 provides the mechanism to compel such evidence. Section 1 of c. 233 states that "a notary public . . . may issue summonses for witnesses in all cases pending before . . . arbitrators." This language is clear and unambiguous. See *Dana* v. *Dana*, 260 Mass. 460, 465-466 (1927). "[W]here the statutory language is clear, the courts must impart to the language its plain and ordinary

---

[4]General Laws c. 251, § 7 (*a*), as appearing in St. 1960, c. 374, § 1, reads: "The arbitrators may cause to be issued subpoenas for the attendance of witnesses and for the production of books, records, documents and other evidence, and shall have the power to administer oaths. Subpoenas so issued shall be served, and upon application to the court by a party or the arbitrators, enforced, in the manner provided by law for the service and enforcement of subpoenas in a civil action."

[5]Title 9 U.S.C. § 7 (1988), reads in part: "The arbitrators selected . . . as prescribed . . . may summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case. . . . Said summons shall issue in the name of the arbitrator or arbitrators . . . and shall be directed to said person and shall be served in the same manner as subpoenas to appear and testify before the court; if any person or persons so summoned to testify shall refuse . . . to obey said summons, upon petition the United States district court . . . may compel the attendance of such person or persons before said arbitrator or arbitrators . . . ."

[6]The plaintiff fails to locate and our own research fails to uncover any Massachusetts case where a subpoena has been enforced in a labor arbitration proceeding.

meaning." *Commonwealth* v. *One 1987 Mercury Cougar Auto.*, 413 Mass. 534, 537 (1992). In the absence of evidence to the contrary, a statute's plain and ordinary meaning is conclusive as to legislative intent. *Id.* We may presume, therefore, that the Legislature intended to allow witnesses to be summonsed to appear at arbitration hearings. *Dana* v. *Dana, supra.*

Unfortunately for Bay State, even if we assume that c. 233 applies to *labor* arbitrations, the statute plainly does not authorize either *party* to apply for judicial enforcement of a summons. Rather, the statute states that a court may compel the attendance of witnesses "upon application of a *tribunal* authorized to summon but not to compel the attendance of witnesses" (emphasis added). G. L. c. 233, § 10. An arbitration panel is considered a "tribunal" for purposes of c. 233. *Dana* v. *Dana, supra* at 464-465.[7] In this case, neither arbitrator joined Bay State's application for enforcement; hence, the application fails to satisfy the requirements of c. 233, § 10.

Thus, Bay State's application for enforcement of the two summonses fails to find support in either G. L. c. 150C, or G. L. c. 233. Therefore, we reverse the judgment of the Superior Court and vacate the order to enforce the two summonses.

*So ordered.*

---

[7]We note that the limitations in G. L. c. 233, § 10, operate to avoid collateral litigation. By authorizing only the arbitrator to petition to enforce a summons, the statute prevents parties from impeding the progress of the arbitration. The parties must first persuade the arbitrator that the evidence they seek is necessary for proper settlement of the dispute. If a party believes that its rights have been substantially prejudiced by the arbitrator's actions, that party may apply to the Superior Court for modification or vacation of the arbitrator's award. G. L. c. 150C, §§ 11, 12.