Lopez, J.
Plaintiff, Haven Triplett (Triplett), brings this action against prison officials pursuant to G.L.c. 231A, the Massachusetts Civil Rights Act (MCRA),[2] G.L.c. 12, §§11H-I and 42 U.S.C. §1983. Triplett claims that he was entitled to no less than 2.5 days for each program in which he satisfactorily participated pursuant to G.L.c. 127, §129D during his sentence and that the defendants prolonged his sentence by not calculating his earned good time properly.[3] Since Triplett has been released from prison at the time of this motion, he is only seeking damages. For the following reasons, I find that G.L.c. 127, §129D does not entitle a prisoner to receive no less than 2.5 days for satisfactorily participating in approved programs and that there is no constitutional right to earned good time. The defendants’ motion is ALLOWED.
BACKGROUND
From January 1, 1985, through May, 1993, Triplett satisfactorily participated in various programs established pursuant to G.L.c. 127, §129D. (Plaintiffs exhibits A-H.) In several instances, he was awarded less than 2.5 days a month for his participation in these programs. Id.
DISCUSSION
Triplett has provided exhibits in opposition of the defendants’ motion and the motion is treated as one for summary judgment.
Summary judgment shall be granted where there are no genuine issues of material fact on any relevant issue raised by the pleadings and the moving party is entitled to judgment as a matter of law. Good v. *492 Commissioner of Correction, 417 Mass. 329, 332 (1994). Here, there is no dispute that Triplett, in several instances, received less than 2.5 days a month for approved programs in which he satisfactorily participated pursuant to G.L.c. 127, §129D. Whether Triplett was entitled to no less than 2.5 days a month deducted from his sentence is an issue of statutory construction, which is a question of law.
I. Is a Prisoner entitled to receive no less than 2.5 days of earned good time for satisfactorily participating in an approved program under G.L.c. 127, §129D?
General Laws c. 127, §129D states in relevant part,
[f]or the . . . , satisfactory completion of an educational program leading to the award of a high school equivalency certificate, [or] completion of any other educational sequence or any vocational training program . . . , [or] satisfactory performance of said inmate in any other program or activity which the superintendent of the institution shall deem valuable for said prisoner’s rehabilitation, the commissioner may grant ... a further deduction of sentence of not more than two and one-half days
(Emphasis added.)[4]
In McNeil v. Commissioner of Correction, 417 Mass. 818, 821-22 (1994), the Supreme Judicial Court stated that section 129D should be analyzed under the general rules of statutory construction, emphasizing that the “statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment.” Accordingly, this court applies general rules of statutory construction to determine whether Triplett was entitled to a deduction of no less then 2.5 days for satisfactorily participating in approved programs under the statute.
The language of the statute clearly states that the Commissioner may grant a further deduction of the prisoner’s sentence of “not more” than two and one-half days. The language does not state that upon the satisfactory performance of an approved program under G.L.c. 127, §129D, the Commissioner “shall” grant two and one-half days. The language “not more” means “the maximum.” There is no other logical interpretation which could be applied to the language at issue.
Where language of a statute is plain, courts enforce the statute according to its wording. Weitzel v. Travelers Ins. Companies, 417 Mass. 149, 153 (1994); see also Bay State Gas Co. v. Local No. 273 Utility Workers Union of America, 415 Mass. 72, 75-76 (1993) (absent evidence to the contrary, statute’s plain and ordinary meaning is conclusive as to legislative intent); Attorney General v. Hahnemann Hosp., 397 Mass. 820, 829 (1986) (courts will not look beyond the words of the statute where the language is plain and unambiguous). Accordingly, Triplett’s satisfactory participation in a program under G.L.c. 127, §129D does not mandate that he be awarded an earned good time deduction of no less than 2.5 days a month.
II. Did the defendants violate Triplett’s constitutional rights by failing to award him a earned good time deduction of 2.5 days each month for programs in which he satisfactorily participated pursuant to G.L.c. 127, §129D?
As discussed above, Triplett was never entitled to receive no less than 2.5 days a month for approved programs in which he participated under G.L.c. 127, § 129D. In addition, Triplett had no constitutional right to receive earned good time. Wolff v. McDonnell, 418 U.S. 539, 557 (1974); Jackson v. Hogan, 388 Mass. 376, 379 (1983) (in Massachusetts, the law is well established that there is no constitutional right to earn good time credits). Therefore, no constitutional or statutory violation has occurred which would permit Triplett to bring claims pursuant to the MCRA or 42 U.S.C. §1983.[5]
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ Motion for Summary Judgment is ALLOWED.

During oral argument on this motion, the court informed Triplett that his claim brought pursuant to the MCRA must fail because there is no evidence of “threats, intimidation or coercion.” “A direct violation of a person’s rights does not by itself involve threats, intimidation, or coercion and thus does not implicate the [MCRA].” Longval v. Commissioner of Correction, 404 Mass. 325, 333 (1989).

Triplett’s Memorandum in Opposition to the defendants’ motion clearly expresses the nature of his claim. Triplett contends that “where [earned good time] has been recorded and awarded, the plaintiff is entitled to receive the full 2V% (two and one half), day [earned good time] entitlement pursuant to M.G.L. Chapter 127, Section 129D.” (Emphasis in original.)

In 1989, G.L.c. 127, §129D was amended. The amendments to the statute, however, did not affect the above quoted language, which was in effect throughout Triplett’s incarceration.

Section 1983 provides in relevant part,
“[e]very person who, under color of any statute, . . . subjects . . . any citizen of the United States ... to the deprivation of any rights . . . , secured by the Constitution and laws, shall be liable to the party injured in an action at law . . .
Accordingly, there is no cause of action pursuant to 42 U.S.C. §1983 where there is no deprivation of a right secured by the Federal Constitution or laws.
Similarly, the MCRA provides a remedy coextensive with 42 U.S.C. §1983 except the federal statute requires state action. Batchelderv. AlliedStores, 393Mass. 819,823 (1985). In order to maintain an action pursuant to Section 1983 or the MCRA, there must be a violation of a Constitutional or statutory right.