Agnes, Peter W., J.
1. Introduction
This is a civil action in which the plaintiff, Arnold B. Childs, Jr. (“plaintiff’), has sued the defendant, Metropolitan Property and Casualty Company (“defendant”), in order to obtain an order from the Superior Court compelling the defendant to comply with a provision of the Standard Massachusetts Automobile Policy which provides that when there is a dispute over the amount of damages in a dispute between the insurer and the insured, “(ajrbitration will be used if no agreement can be reached.” 7th ed., at 9. The defendant has filed a motion to dismiss on grounds that there is no case or controversy between the parties at this point in time and that therefore the case should be dismissed for failure to state a claim upon which relief may be granted. See Mass.RCiv.P. 12(b)(6).
2. Background
We accept the factual allegations of the complaint as true. The plaintiff suffered personal injury on February 21, 2007 while in a vehicle struck from behind by another vehicle. The plaintiffs policy with the defendant provides for $100,000/$300,000 worth of underinsured motor vehicle coverage. The alleged tortfeaser’s policy included the minimum allowable bodily injury coverage ($10,000/$20,000). Plaintiff sent a written notice of its claim for the underinsured benefits coverage with the defendant on June 10, 2007. See Appendix A to the Plaintiffs Opposition to the Motion to Dismiss. Thereafter, plaintiff sent a written demand for the settlement of the claim for underinsured benefits with the defendant on March 27, 2008. The plaintiff asked the defendant to respond to its demand, but did not ask for arbitration. There is no evidence that the defendant refused to arbitrate this claim.
3. Discussion *403 “[Statutory language itself is the principle source of insight into the legislative purpose.” Hoffman v. Howmedica, Inc., 373 Mass. 32, 37 (1977). “Where the language of a statute is plain, the courts enforce the statute according to its wording.” Weitzel v. Travelers Ins. Co., 417 Mass. 149, 153 (1994). The defendant maintains that the plain meaning of the statute is that a lawsuit seeking an order from the court to appoint an arbitrator should not be filed unless a party is “aggrieved by the failure or refusal of another to proceed to arbitration under an agreement. . .” G.L.c. 251, §2(a). While it is true that certain jurisdictional impediments to the exercise of judicial power by the federal courts are not limitations on the exercise of judicial power by state courts, see Weld v. Glaxo Welcome, Inc., 434 Mass. 81, 88 (2001), in areas such as arbitration our authority is constrained by statutes. It is not open to the court to make any orders regarding the appointment of an arbitrator unless the moving party satisfies G.L.c. 251, §2(a) or another enabling statute. See Roberto Const. Co. v. Burnham-Manning Post # 1105, 347 Mass. 400, 403-04 (1964). See also Am. Fed’n. of State, County and Mun. Employees v. Giordano, 114 Ill.App.3d 142, 145 (1983) (interpreting section 2(a) of the Uniform Arbitration Act to hold that where arbitration was not demanded by the plaintiffs, nor refused by the defendant, the plaintiffs’ complaint was premature). Further, where the contract details an arbitration procedure the court should “adhere to the method established by the contract and forego the rewriting of the contract for the parties.” Stop & Shop Cos., Inc. v. Gilbane Bldg. Co., 361 Mass.325, 329 (1973), quoting Matter of Lipschutz (Gutwirth), 304 N.Y. 58, 63-64 (1952).
*402 G.L.c. 251, §2(a) provides,
A party aggrieved by the failure or refusal of another to proceed to arbitration under an agreement described in section one may apply to the superior court for an order directing the parties to proceed to arbitration. If the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall, if it finds for the applicant, order arbitration; otherwise, the application shall be denied.
*403 4.
The question is not, as plaintiffs have put it, whether an arbitrator will be appointed in any case. Lawsuits have consequences — there are transactional costs to the parties and to the public. A lawsuit should not be filed when it is not only premature to do so, but, as in this case, not authorized by the relevant statute.
ORDER
For the above reasons, the defendant’s motion to Dismiss is ALLOWED.